IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

Filed On 12/7/10

IN RE:

NAKNEK ELECTRIC ASSOCIATION, INC.,

Debtor.

Case No. A10-00824-DMD
Chapter 11

**ORDER APPROVING DEBTOR IN POSSESSION LOAN**

Naknek Electric Association, Inc., as debtor-in-possession ("Debtor"), filed a Motion to Approve Debtor in Possession Financing on October 29, 2010 at DE 80. Notice of the Motion was filed at DE 86 which shows that it was mailed to the matrix of creditors in this case and to the member-ratepayers of the Debtor. Two objections to the motion have been filed by creditors of the Debtor and a number of objections have been filed by member-ratepayers.

A hearing on the Motion was held on November 24, 2010 at which Tom Lovas, Mike Hubbard and Donna Vukich testified for the Debtor in support of the Motion. The Motion was not approved at that hearing. A continued hearing was scheduled for December 6, 2010.

At the November 24, 2010 hearing, the Debtor established that it could not obtain financing sufficient to acquire the equipment necessary to work-over and clean its geothermal well except by encumbering the diesel generation plant.

At the November 24, 2010 hearing, the Debtor submitted in support of its Motion, a draft of the Construction Work Plan which will be provided to RUS in conjunction with the Debtor's loan application. It also submitted a financial model which predicts how utility

rates will rise or fall assuming completion of the geothermal program. The Debtor submitted a liquidation analysis about which Mr. Lovas testified.

The Debtor and CFC have confirmed the following in response to the concerns expressed in the Unsecured Creditors Committee Conditional Non-opposition to the DIP Financing Motion:

i. Unless the CFC Loan is repaid in full on the Initial Maturity Date, which is 6 months from the Effective Date, which is no earlier than the date of this Order, the CFC Loan will convert to an amortizing loan with a 36 month term from the Initial Maturity Date under Section 3.05 of the Credit Agreement;

ii. Debtor has asked Dr. Roy Mink to supervise or oversee the Debtor's geothermal activities;

iii. The Debtor will provide the budget and reconciliations requested by the Committee;

iv. CFC has confirmed that to the extent that section 3.08 of the DIP Credit Agreement's requirement that grants be used to repay the DIP Loan violates a covenant on any grant, that Mandatory Prepayment requirement in section 3.08 is void as to that grant.

The Debtor has filed a Report at DE 124 that the membership of the Debtor approved the amendment to its Articles of Incorporation raising the debt limit in the articles to an amount approved by the Debtor's Board of Directors and further reporting that the Board of Directors reaffirmed its earlier resolution which raised that debt limit to $75 million.

Baker Hughes' Objection to the Motion has been withdrawn and Baker Hughes and

CoBank have agreed, subject to an order granting the Motion to Approve Debtor in Possession Financing becoming final, to entry of Consent Judgment in the related adversary action avoiding certain judicial liens obtained by CoBank and by Baker Hughes affecting the Debtor's property and arising from recordation of the writs of attachment and judgments, as more particularly specified in the Consent Judgment to be entered in adversary case number 10-90027. Any such Consent Judgment will preserve the finality of the judgments obtained against Debtor for the amount of the claims of CoBank and Baker Hughes and is without prejudice to any statutory or common law liens or lien claims of Baker Hughes.

CFC is a good faith lender within the meaning of 11 U.S.C. 364(e) & 363(m).

IT IS ORDERED:

The Debtor may execute the Debtor in Possession Credit Agreement appended to its Motion and the mortgage and security agreements described in the Credit Agreement. The lien of CFC shall be a senior lien under 11 U.S.C. §364(d)(1) on the Debtor's diesel generation plant (described in the Credit Agreement), second to the lien of RUS against the plant but senior to the judicial liens of CoBank and Baker Hughes (which liens of CoBank and Baker Hughes will be avoided by consent).

The Debtor will file a budget containing itemizations of the proposed uses of the DIP loan proceeds.

The Debtor will file every fifteen days a reconciliation of the DIP loan budget to actual expenses.

Entry of this order shall not terminate the Second Cash Collateral Order (DE 84)

allowing the Debtor to utilize cash collateral through December 15, 2010.

DATED:  December 7, 2010

BY THE COURT

/s/ Donald MacDonald IV
Donald MacDonald IV
United States Bankruptcy Judge

Serve: E. LeRoy, Esq.
      D. Oesting, Esq.
      J. Siemers, Esq.
      S. Sneed, Esq.
      D. Bundy, Esq.
      P. Snow, Esq.
      A. Amato, Esq.
      Calendar - to make notation on 12/8/10 calendar - served 12/7/10 - pg.
      U. S. Trustee

12/07/10

DIP Loan Order
page 4