IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. A10-00824-DMD |
| NAKNEK ELECTRIC ASSOCIATION, INC., | : | Chapter 11 |
| | : | |
| Debtor. | : | **Filed On 5/2/11** |
| | : | |

### ORDER APPROVING DEBTOR IN POSSESSION FUEL LOAN

Naknek Electric Association, Inc., as debtor-in-possession ("Debtor"), filed a Motion to Approve Debtor in Possession Financing to purchase fuel on April 19, 2011 at DE 212. Notice of the Motion was filed at DE 213 which shows that it was served on the Official Service List in this case. A hearing on the Motion was held on May 2, 2011at which Donna Vukich testified for the Debtor in support of the Motion. All objections to the Motion were addressed at the hearing. At the hearing Rural Utilities Services stated its non-opposition to the Motion. The Court finds that CFC is a good faith lender within the meaning of 11 U.S.C. 364(e) & 363(m).

IT IS ORDERED

The Debtor may execute the Debtor in Possession Credit Agreement appended to its Motion and the mortgage and security agreements described in the Credit Agreement.

Ministerial edits to the first Debtor in Possession Credit Agreement approved by the Court at DE 133 may be made to remove any conflict between the agreement being approved by this order and the one approved by the order at DE 133. For example, without amendment to the first credit agreement, entry of this order would be an event of default under the first credit agreement.

The lien of CFC shall be a senior lien under 11 U.S.C. §364(d)(1) on the Debtor's diesel

generation plant (described in the Credit Agreement) and shall be deemed perfected as of the date of entry of this order without further filings. No lien is being created or granted by the Credit Agreement or this Order in the Geothermal Assets, which assets are described in detail in the Baker Hughes Conditional Objection at DE 223. Nothing in this Order, or any of the agreements authorized by this Order, authorizes any interested party to alter or subordinate the existing rights of statutory lien holders in the Geothermal Assets. Nothing in this Order shall prejudice any party's position as to its statutory lien priority in the Geothermal Assets. Nor does anything in the Order constitute a determination by the Court as to the validity or priority of any party's lien in the Geothermal Assets.

The Debtor will file every thirty days a reconciliation of the DIP loan budget to actual expenses.

A separate order allowing continued use of cash collateral will be entered.

DATED:    May 2, 2011.

                                          /s/ Donald MacDonald IV
                                          Donald MacDonald IV
                                          United States Bankruptcy Judge

Serve:
E. LeRoy, Esq.
ECF Participants per NEF

    5/2/2011